Black,P.J.
This appeal arises out of an order for interstate income withholding issued pursuant to G.L. c. 273A, §10. After a hearing before the trial judge on January 14, 1988, the defendant was ordered to pay child support in the amount of $60.00 per week by means of a wage assignment. The defendant claims to be aggrieved by (1) the finding of the trial judge that the *132 defendant was in violation of a support order and that arrears were due and owing; (2) the failure of the trial judge to act on his requests for rulings; (3) the trial judge’s denial of his post-judgment motions; and (4) the court’s ruling that an oral agreement between the parties to modify the support order is ineffective absent the adoption of said modification by the court issuing the order.
Clearly, this appeal is untimely. Pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (i), the defendant had ten days from the entry of judgment to file a request for a report with the trial court. See Bushnell v. Bushnell, 393 Mass. 462 (1984). It appears from the docket that the judgment was entered on the same date as the hearing, January 14,1988. Therefore, no action was taken by the defendant until the filing of his post-judgment motions on March 11,1988, at which time he filed a Motion for Relief from Judgment, a Motion for a New Trial, and a Motion to Alter or Amend the Judgment. These motions were denied by the trial judge on July 1, 1988. The memorandum accompanying these denials includes a finding by the trial judge that no action was taken on the defendant’s requests for rulings. Furthermore, the trial judge found as a matter of law that an attempt by the parties to modify a support order is ineffective unless adopted by the court issuing the order.
’ The defendant did not file a draft report until August 2, 1988. Therefore, simply stated, we find it unnecessary to address the legal issues raised by the defendant due to his failure to comport to the requirements of Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (1) (i). We would hasten to add, however, that notwithstanding the procedural infirmities of the appeal, it would appear appropriate to address the substantive issue as to whether a District Court judge has the power to modify a support order previously entered in the Probate Court and which is before him for enforcement under G.L. c. 273A.
The appellate record discloses that the defendant and Sandra Weston were divorced in 1980. At that time, the Norfolk County Probate Court ordered the defendant to pay the plaintiff $95.00 per week toward the support of his children. The plaintiff subsequently moved to Kansas. She alleged that the defendant had only been paying $47.50 per week since August of 1980. She proceeded to attempt to enforce the support order by filing a request for interstate income withholding in Kansas. The request was referred to the Massachusetts Department of Revenue pursuant to G.L. c. 273A, and Rule 210 of the District Court Special Rules, since Mr. Weston continued to reside in Massachusetts. At a hearing before the trial judge in the Wrentham Division of the District Court Department, the defendant argued that he and his ex-wife had orally modified the decree. On the basis of his oral agreement, he denied owing any arrears under the original order of support.
A review of G.L. c. 273A leads to the conclusion that it is not the function of a District Court judge to modify a support decree entered in the Probate Court but only to determine whether a duty to support exists,[2] and, if so, to order the defendant to pay support in a reasonable amount.[3] Any modification of the original decree must come from that court which entered such decree. Branowski v. Blondin, 1988 Mass. App. Div. 27, 28.
Because the appeal is untimely, the report is hereby dismissed.

 A “duty of support” is defined by c. 273A sec. 1 as “any duty of support imposed by law, or by any court order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support, or otherwise.”

 Once the court determinessupport under c. 273A,such order.of support is enforced pursuantto c. 119A.